## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES D. THOMAS, Executor of the Estate of THELMA V. THOMAS, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 13-cv-1320-JPG-DGW |
| GRANITE NURSING AND REHABILITATION CENTER, LLC, d/b/a GRANITE NURSING & REHAB CENTER; DTD HC, LLC; D&N, LLC, and AURORA CARES, LLC, d/b/a TARA CARES, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COMES NOW Defendants Granite Nursing and Rehabilitation Center, LLC; DTD HC, LLC; D&N, LLC; and Aurora Cares, LLC d/b/a Tara Cares (collectively, the "Defendants"), and pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal of the civil action styled *Charles D. Thomas, Executor of the Estate of Thelma v. Thomas, Deceased, v. Granite Nursing and Rehabilitation Center, LLC, d/b/a Granite Nursing & Rehab Center; DTD HC, LLC; D&N, LLC, and Aurora Cares, LLC, d/b/a Tara Cares;* Civil Action No. 13-L-1658, from the Circuit Court of the Third Judicial Circuit in Madison County, Illinois, to the United States District Court for the Southern District of Illinois. In support of this Notice, Defendants state the following:

1.      On October 2, 2013, Plaintiff Charles D. Thomas, Executor of the Estate of Thelma Thomas, filed this medical negligence action. The lawsuit arises out of the care and treatment provided to Thelma Thomas while a resident at Granite Nursing and Rehabilitation

4743586.1

Center, LLC. According to the complaint, Thelma Thomas died as a result of the Defendants' negligence. The Complaint and executed Summons are attached herein as Exhibit 1. The civil cover sheet is attached herein as Exhibit 2.

2. Plaintiff served Defendants Granite Nursing and Rehabilitation Center, LLC and Aurora Cares, LLC d/b/a Tara Cares with the Complaint and Summons on November 21, 2013. Plaintiff served Defendants DTD HC, LLC and D&N, LLC with the Complaint and Summons on November 26, 2013. In the Complaint, Plaintiff asserts claims of negligence brought pursuant to the Illinois Nursing Home Care Act, the Illinois Survival Statute, and the Illinois Wrongful Death Act.

3. This removal is timely because the Defendants filed this Notice of Removal within 30 days of November 21, 2013, when Plaintiff served Defendants Granite Nursing and Rehabilitation Center, LLC and Aurora Cares, LLC d/b/a Tara Cares with process.  28 U.S.C. § 1446(b).

4. This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and (2) there is diversity of citizenship between the Plaintiff and the Defendants.

5. In his Complaint, Plaintiff alleges that Defendants' negligence caused Thelma Thomas to fall and sustain a subdural hematoma. This injury allegedly caused Mrs. Thomas to suffer great pain and anguish and become liable for medical expenses. Plaintiff also alleges that this injury caused Mrs. Thomas' death and that Mrs. Thomas' next of kin suffered a pecuniary loss because of her death.  The claims for these alleged injuries establish that the amount in controversy exceeds $75, 000.00.

4743586.1

6.     Based on Plaintiff's contentions in the Complaint regarding the alleged damages sustained, as detailed above, there is no basis to conclude with legal certainty that Plaintiff's claim is for less than the jurisdictional minimum. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (a good faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence; once the defendants have established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if "it appears to a legal certainty that the claim is really for less than the jurisdictional amount").

7.     Diversity of citizenship exists because Plaintiff's decedent was a citizen of Illinois, and Plaintiff is therefore deemed to be a citizen of Illinois. 28 USC § 1332(c)(2).

8.     None of the Defendants are citizens of Illinois. As set forth in detail below, Granite Nursing and Rehabilitation Center, LLC is an Illinois limited liability company whose members are all citizens of the State of New York. Therefore, Granite Nursing and Rehabilitation Center, LLC is not a citizen of Illinois. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006). Likewise, Defendants Aurora Cares, LLC; DTD, HC, LLC; and D&N, LLC are foreign defendants, as their members are citizens of the state of New York and are not citizens of Illinois. *Id*.

9.     Granite Nursing and Rehabilitation Center, LLC's members are Defendants D&N, LLC and DTD HC, LLC.  D&N, LLC and DTD HC, LLC are New York limited liability companies.  D&N, LLC's members are Norbert A. Bennett, the Norbert A. Bennett Children's Trust, and the Norbert A. Bennett Grand-Children's Trust.  Mr. Bennett is a citizen of New York. The trustee of the Norbert A. Bennett Children's Trust is Ronald Bennett, a citizen of New York, and the trustee of the Norbert A. Bennett Grand-Children's Trust is also Ronald Bennett. *See Guaranty Nat. Title Co., Inc. v. J.E.G. Asso.*, 101 F.3d 57, 59 (7th Cir. 1996) (*citing Navarro*

4743586.1

*Savs. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (holding that the citizenship of a trust is that of its trustee)).

10.    DTD HC, LLC's members are Donald T. Denz and the Donald T. Denz Irrevocable Trust.  Mr. Denz is a resident and citizen of the State of New York.  The trustee of the Donald T. Denz Irrevocable Trust is Martin J. Clifford, a citizen of New York.

11.    Aurora Cares, LLC is a New York limited liability company with its principal place of business in New York.  Aurora Cares, LLC's members are Defendants D&N, LLC and DTD HC, LLC, all of whose members are identified in paragraphs 9 and 10 above.

12.    For these reasons, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper under §§ 1441 and 1446.

13.    Venue is proper in the United States District Court for the Southern District of Illinois because that is the district in which the state court action was filed. *See* 28 U.S.C. §§ 1446(a), 104(a)(3).

14.    In accordance with 28 U.S.C. § 1446(d), Madison County Circuit Court and Plaintiff's counsel have been given written notice of the filing of this Notice of Removal. The notice is attached herein as Exhibit 3.

**WHEREFORE,** the Defendants request that the above-captioned action now pending in Madison County Circuit Court be removed to the United States District Court for the Southern District of Illinois, and that the District Court assume jurisdiction over this lawsuit.

4743586.1

SANDBERG PHOENIX & von GONTARD P.C.

By:        s/Leslie M. Warren
                 Stephen M. Strum, #6200251
                 Leslie M. Warren, #6304239
                 600 Washington Avenue
                 15th Floor
                 St. Louis, Missouri 63101-1880
                 314-231-3332
                 314-241-7604 (Fax)
                 E-mail:  sstrum@sandbergphoenix.com
                            lwarren@sandbergphoenix.com

*Attorneys for Defendants*
*GRANITE NURSING AND REHABILITATION*
*CENTER, LLC d/b/a GRANITE NURSING &*
*REHAB CENTER; DTD HC, LLC; D&N, LLC, and*
*AURORA CARES, LLC d/b/a TARA CARES.*

### Certificate of Service

I hereby certify that on the 20th day of December, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Robert H. Gregory
970 E. Airline Dr., Ste. 3
East Alton, IL 62024

                 s/Leslie M. Warren

4743586.1