UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES D. THOMAS, Executor of the Estate of
Thelma V. Thomas, Deceased,

      Plaintiff,

          v.

GRANITE NURSING AND REHABILITATION
CENTER, LLC, d/b/a Granite Nursing & Rehab Center;
DTD HC, LLC; D&N, LLC; and AURORA CARES, LLC,
d/b/a Tara Cares,

      Defendants.

No. 13-cv-1320-JPG-DGW

## MEMORANDUM AND ORDER

      This matter comes before the Court on defendant Aurora Cares, LLC's ("Tara Cares")

motion to dismiss Counts VII and VIII pursuant to Federal Rule of Civil Procedure 12(b)(6) for

failure to include the affidavit of merit required by 735 ILCS 5/2-622 in healing art malpractice

cases (Doc. 17).   Plaintiff Charles D. Thomas has responded to the motion (Doc. 22), and Tara

Cares has replied to that response (Doc. 22).

**I.     Standard for Dismissal**

      When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations

in the complaint.   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)).   To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a

complaint must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2).   This requirement is satisfied if the complaint (1)

describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the

grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a

speculative level.   *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

*EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

**II.    Facts**

The written materials submitted establish the following relevant facts for the purposes of this motion.

At all relevant times, Tara Cares was an owner of defendant Granite Nursing and Rehabilitation Center, LLC ("Granite Center").   While residing and in the care of Granite Center, plaintiff's decedent, Thelma V. Thomas, fell while trying to walk without enough assistance and was injured.   Two days later she died from her injury.   Plaintiff Thomas believes her death was due to Granite Center's negligence and has sued the defendants, including Tara Cares, under the Illinois Nursing Home Care Act, 210 ILCS 45/3-601 & 602, the Illinois Survival Statute, 755 ILCS 5/27-6 *et seq.*, and the Wrongful Death Act, 740 ILCS 180/1 *et seq.*   The Illinois Nursing Home Care Act, 210 ILCS 45/3-601, plainly subjects the owners of nursing homes in Illinois to liability for the negligence of nursing home employees that injure residents of the nursing home.

Tara Cares asks the Court to dismiss it from this case on the grounds that the plaintiff failed to submit with his complaint an affidavit of merit as required by 735 ILCS 5/2-622 in healing art malpractice cases.   The plaintiff maintains that no such certificate is required for suits against nursing home owners under the Illinois Nursing Home Care Act.

**III.    Analysis**

Illinois' Healing Arts Malpractice Act requires a plaintiff to file with his complaint an affidavit from his attorney and a medical report from a health professional. 735 ILCS 5/2-622(a). The following pertinent part of § 2-622(a) explicitly states what must be included in those documents:

> In any action . . . in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney . . .

shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes:   (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. . . .

2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. . . .

3. That a request has been made by the plaintiff or his attorney for examination and copying of records pursuant to Part 20 of Article VIII of this Code and the party required to comply under those Sections has failed to produce such records within 60 days of the receipt of the request.

The purpose of this requirement is to reduce the number of frivolous malpractice suits. *Ebbing v. Prentice*, 587 N.E.2d 1115, 1117   (Ill. App. Ct. 1992).   It is undisputed that the plaintiff's complaint did not contain the affidavit described in 735 ILCS 5/2-622(a).   The Illinois Supreme Court has determined, however, that this requirement does not apply to private causes of action brought against a nursing home owner under the Nursing Home Care Act.   *Eads v. Heritage Enterps., Inc.*, 787 N.E.2d 771, 777-80 (Ill. 2003).

Tara Cares argues that the plaintiff's complaint asserts a claim under the Healing Arts Malpractice Act, not under the Nursing Home Care Act, and is therefore deficient for failing to attach the affidavit described in 735 ILCS 5/2-622(a).   It argues that a cause of action under the Nursing Home Care Act cannot be brought against anyone but a nursing home licensee, which is

3

clearly is not, or a nursing home owner.   Tara Cares asserts it is not an "owner" of Granite Center

under the definition set forth in the Nursing Home Care Act:

> "Owner" means the individual, partnership, corporation, association or other
> person who owns a facility.   In the event a facility is operated by a person who
> leases the physical plant, which is owned by another person, "owner" means the
> person who operates the facility, except that if the person who owns the physical
> plant is an affiliate of the person who operates the facility and has significant
> control over the day-to-day operations of the facility, the person who owns the
> physical plant shall incur jointly and severally with the owner all liabilities imposed
> on an owner under this Act.

210 ILCS 45/1-119.   Tara Care believes that the plaintiff's claim against it does not fall under the

Nursing Home Care Act and is not exempt from the affidavit of merit requirement.   In support of

this argument, Tara Cares points to affidavits in support of two other defendants' motion to

dismiss (Doc. 15) asserting that those defendants own the entirety of Granite Center.

Tara Cares misses the mark.   First, it refers to matters outside the pleadings, which cannot

be considered without converting the motion to dismiss to a motion for summary judgment, which

the Court declines to do.   *See* Fed. R. Civ. P. 12(d).   The plaintiff's complaint alleges Tara Cares

is an owner of Granite Center facility, so the Court must accept that allegation as true for the

purposes of this motion.   Second, even if the Court were to consider the affidavits outside the

pleadings, all they establish is that Tara Cares is not a Granite Center LLC member and does not

own that business entity.   The affidavits do not establish that Tara Cares does not qualify as an

owner in any other way such as, for example, as the owner of the facility, the lessor and operator of

Granite Center, or the alter ego of the owner or operator.   Thus, Tara Cares has failed to carry its

burden of showing that the plaintiff's claim is not under the Nursing Home Care Act, that he is

required to file an affidavit of merit with his complaint, and that his complaint is deficient for

failing to do so.

**IV.      Conclusion**

For these reasons, the Court **DENIES** Tara Cares' motion to dismiss (Doc. 15).

**IT IS SO ORDERED.**
**DATED: June 3, 2014**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**