UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES D. THOMAS, Executor of the Estate of Thelma V. Thomas, Deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>GRANITE NURSING AND REHABILITATION CENTER, LLC, d/b/a Granite Nursing & Rehab Center; DTD HC, LLC; D&N, LLC; and AURORA CARES, LLC, d/b/a Tara Cares,<br><br>    Defendants. | No. 13-cv-1320-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to dismiss for lack of personal jurisdiction filed by defendants DTD HC, LLC ("DTD") and D&N, LLC ("D&N") (Doc. 15). Plaintiff Charles D. Thomas has responded to the motion (Doc. 20), and DTD and D&N have replied to that response (Doc. 23).

**I.      Standard for Dismissal**

When personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). If there are material facts in dispute regarding the Court's jurisdiction over a defendant, the Court must hold an evidentiary hearing at which the plaintiff must establish jurisdiction by a preponderance of the evidence. *Id.* (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). Alternatively, the Court may decide the motion to dismiss without a hearing based on the submitted written materials so long as it resolves all factual disputes in the plaintiff's favor. *Purdue Research*, 338 F.3d at 782 (citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276

(7th Cir. 1997)).  If the Court consults only the written materials, the plaintiff need only make a *prima facie* showing of personal jurisdiction.  *Purdue Research*, 338 F.3d at 782 (citing *Hyatt*, 302 F.3d at 713).  In this case, the Court consults only the written materials, resolving all factual disputes in Thomas' favor, and finds Thomas has not made a *prima facie* showing of personal jurisdiction over DTD and D&N.

**II.    Facts**

The written materials submitted establish the following relevant facts for the purposes of this motion.

At all relevant times, DTD and D&N each owned 50% of defendant Granite Nursing and Rehabilitation Center, LLC ("Granite Center").  While residing at and in the care of Granite Center, plaintiff's decedent, Thelma V. Thomas fell while trying to walk without enough assistance and was injured.  Two days later she died from her injury.  Plaintiff Thomas believes her death was due to Granite Center's negligence and has sued the defendants, including DTD and D&N, under the Illinois Nursing Home Care Act, 210 ILCS 45/3-601 & 602, the Illinois Survival Statute, 755 ILCS 5/27-6 *et seq.*, and the Wrongful Death Act, 740 ILCS 180/1 *et seq.*  The Illinois Nursing Home Care Act, 210 ILCS 45/3-601, plainly subjects the owners of nursing homes in Illinois to liability for the negligence of nursing home employees that injure residents of the nursing home.

DTD and D&N ask the Court to dismiss them from this case on the grounds that the Court does not have personal jurisdiction over them.  They are New York limited liability companies with their principal places of business in New York.  They do not operate, pay for the operation of or make loans to Granite Center although each is an equal owner of Granite Center.  They do not conduct business, do work, have an office, have any agents or employees, own or lease property, or advertise in Illinois.

**III.     Analysis**

A federal court sitting in diversity, as the Court does in this case, looks to the personal jurisdiction law of the state in which the court sits to determine if it has jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002) (citing *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992)). Thus, this Court applies Illinois law. Under Illinois law, a court has personal jurisdiction over a defendant if an Illinois statute grants personal jurisdiction and if the exercise of personal jurisdiction is permissible under the Illinois and United States constitutions. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997); *Wilson v. Humphreys (Cayman), Ltd.*, 916 F.2d 1239 (7th Cir. 1990).

   A.     Illinois Statutory Law

Under Illinois law, the long-arm statute permits personal jurisdiction over a party to the extent allowed under the due process provisions of the Illinois and federal constitutions. 735 ILCS 5/2-209(c); *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 714 (7th Cir. 2002); *Central States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000). Therefore, whether the Court has jurisdiction over a defendant depends on whether such jurisdiction is permitted by federal and state constitutional standards.

   B.     Illinois Constitutional Law

The Illinois Constitution's due process guarantee, Ill. Const. art. I, § 2, permits the assertion of personal jurisdiction "when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990). When interpreting these principles, a court may look to the construction and application of the federal due process clause. *Id*. In fact, the Seventh Circuit Court of Appeals has suggested that there is no operative difference between Illinois and federal

3

due process limits on the exercise of personal jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002) (citing *RAR, Inc. v. Turner Diesel Ltd.,* 107 F.3d 1272, 1276 (7th Cir. 1997)). The Court sees nothing in this case indicating that in this particular situation the federal and state standards should reach a different result. Therefore, if the contacts between the defendant and Illinois are sufficient to satisfy the requirements of federal due process, then the requirements of both the Illinois long-arm statute and the Illinois Constitution have also been met, and no other inquiry is necessary.

  C. <u>Federal Constitutional Law</u>

The Due Process Clause of the Fourteenth Amendment limits when a state may assert personal jurisdiction over nonresident defendants. *See Pennoyer v. Neff*, 95 U.S. 714, 733 ), *overruled on other grounds by Shaffer v. Heitner*, 433 U.S. 186 (1977). Under federal due process standards, a court can have personal jurisdiction over a defendant only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The defendant must have "purposely established minimum contacts with the forum state such that he or she 'should reasonably anticipate being haled into court' there." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985)). In deciding whether exercising jurisdiction offends traditional notions of fair play and substantial justice, the Court may also consider "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987).

What this standard means in a particular case depends on whether the plaintiff asserts "general" or "specific" jurisdiction. Specific jurisdiction refers to jurisdiction over a defendant in

a suit arising out of or in connection with the defendant's contacts with the forum. *International Shoe*, 326 U.S. at 319-20; *Tamburo*, 601 F.3d at 702; *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 716 (7th Cir. 2002) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8, 9 (1984)). General jurisdiction, on the other hand, may exist even in suits that do not arise out of or relate to the defendant's contacts so long as the defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales*, 466 U.S. at 416; *Tamburo*, 601 F.3d at 701; *Hyatt*, 302 F.3d at 713.

In this case, the plaintiff has not established sufficient "continuous and systematic" contacts between DTD or D&N, on the one side, and the state of Illinois, on the other, to establish general jurisdiction over either company. The Court therefore turns to the question of whether the plaintiff has pointed to sufficient contacts to make a *prima facie* showing of specific jurisdiction. The Court undertakes a three-step inquiry to determine if specific jurisdiction exists:

> (1) identify the contacts the defendant has with the forum; (2) analyze whether these contacts meet constitutional minimums and whether exercising jurisdiction on the basis of these minimum contacts sufficiently comports with fairness and justice; (3) determine whether the sufficient minimum contacts, if any, arise out of or are related to the causes of action involved in the suit.

*Central States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000).

DTD and D&N claim their only contact with the state of Illinois is their ownership of Granite Center as the two members of that Illinois limited liability company. They note that, ordinarily, corporate ownership is insufficient to impute a subsidiary's jurisdictional contacts to a parent unless the parent exercises a high degree of control over the subsidiary or fails to substantially observe corporate formalities. *Reimer Express*, 230 F.3d at 943-44. Thus rule holds true even where the statute claimed to be violated imposes liability on the basis of corporate affiliation. *Id.* at 944. Jurisdiction and liability are separate questions, and just because a

5

corporate owner would be liable if jurisdiction exists does not necessarily mean that jurisdiction exists. *Id.* In support of their position, DTD and D&N have submitted affidavits essentially disclaiming anything but an ownership interest in Granite Center, although the affidavits do not speak to corporate formalities or the level of control it exercises over Granite Center.

The plaintiff, on the other hand, points to a case decided by the Supreme Court of Alabama involving a suit against another nursing home limited liability company owned by DTD and D&N – *Hill v. Fairfield Nursing and Rehabilitation Center, LLC*, 134 So.3d 396 (Ala. 2013). In that case there was sufficient evidence of control of the nursing home by DTD and D&N to create a genuine issue of material fact regarding whether the nursing home was simply their alter ego for veil-piercing purposes. *Id.* at 406-11. It makes passing reference to other nursing homes owned by DTD and D&N and notes that they have similar operating structures. *Id.* at 409-10. The plaintiff has not submitted actual evidence of anything other than DTD and D&N's ownership of Granite Center, which they readily admit. Alternatively, the plaintiff seeks jurisdictional discovery if his current submission is insufficient to establish a *prima facie* case.

The plaintiff has not established a *prima facie* case of personal jurisdiction over DTD or D&N. The evidence in the file shows nothing more than corporate ownership and does not even suggest any theory by which Granite Center's jurisdictional contacts could be imputed to DTD or D&N. To the extent *Hill* leaves open the possibility that such contacts may exist in this case, the plaintiff has not pled or presented any evidence to show those contact *actually* exist in this case. Under *Reimer Express*, the contacts that have been shown – DTD's and D&N's corporate ownership of Granite Center – are insufficient to meet constitutional minimums, and exercising jurisdiction on the basis of those minimum contacts does not sufficiently comports with fairness and justice. Thus, the plaintiff has failed to carry his burden of making a *prima facie* showing of personal jurisdiction.

Furthermore, discovery is not warranted on the basis of the current showing. The plaintiff must make a *prima facie* showing of personal jurisdiction before the Court will permit jurisdictional discovery. See *Reimer Express*, 230 F.3d at 946.

## IV.   Conclusion

For these reasons, the Court finds the plaintiff has not made a *prima facie* showing of personal jurisdiction. It therefore **GRANTS** DTD and D&N's motion to dismiss (Doc. 15) and **DISMISSES** DTD and D&N from this case. Any attempt to collect a judgment from DTD or D&N that may result from this case must take place, if at all, in a another jurisdiction. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: June 5, 2014**

            s/J. Phil Gilbert
            **J. PHIL GILBERT**
            **DISTRICT JUDGE**